**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04166-NYW

JINLONG WANG,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus ("Petition"), [Doc. 1], and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO"), [Doc. 2]. Respondents filed a consolidated response. [Doc. 8]. Petitioner has not replied, and the time to do so has elapsed. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Jinlong Wang ("Petitioner" or "Mr. Wang")[1] is a noncitizen who entered the United States on a tourist visa in January 2020. [Doc. 1 at ¶ 18]. Six months later,

---

[1] Although both share the same surname, Petitioner is unrelated to the undersigned judicial officer.

he applied for asylum. [*Id.*]. He received employment authorization and has continued to live and work in the United States ever since. [*Id.*].

On July 14, 2026, Mr. Wang was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") in the Denver International Airport. [*Id.* at ¶ 19]. On August 11, 2026, he received a bond hearing before an immigration judge ("IJ"). [*Id.* at ¶ 20]. At the hearing, the IJ addressed Mr. Wang's removability and the validity of his asylum application. [*Id.* at ¶¶ 21–23; Doc. 2 at 4–5]. Based on Mr. Wang's testimony on these points, the IJ found that he was a flight risk and denied bond. [Doc. 1 at ¶ 23; Doc. 1-2]. The IJ also issued a follow-up oral ruling on September 2, 2026, but Petitioner does not address the contents of this ruling. *See* [Doc. 1 at ¶¶ 20–23; *id.* at 8 n.4]. Mr. Wang remains in detention at ICE's Denver Contract Detention Facility. [*Id.* at ¶ 1].

Mr. Wang brings four claims challenging his detention. First, he argues that his detention violates his Fifth Amendment substantive due process rights ("Claim One"). [Doc. 1 at ¶¶ 77–80]. Second, he argues that the procedures afforded at his bond hearing violated his procedural due process rights ("Claim Two"). [*Id.* at ¶¶ 81–84]. Third, he brings a claim under the *Accardi* doctrine, asserting that the IJ's foray into his removability and asylum application violated agency regulations ("Claim Three"). [*Id.* at ¶¶ 85–89]. Fourth, he argues that the IJ's bond decision violates the Administrative Procedure Act ("Claim Four"). [*Id.* at ¶¶ 90–92]. He seeks immediate release or a bond hearing at which Respondents bear the burden of justifying his detention by clear and convincing evidence. [*Id.* at 30–32]; *see also* [Doc. 2 at 42–43 (seeking similar relief in the Motion for TRO)].

Respondents have declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 8 at 1–2]. They concede that

the Court "may then decide to grant the Petition" and propose that, if the Petition is granted, the "appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.* at 2].

This matter is ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)). Petitioner bears the burden to demonstrate that he is entitled to relief. *See, e.g.*, *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257 (D. Colo. 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner. . . .").

## ANALYSIS

The Court's analysis begins and ends with Claim Two. As an initial matter, the Court notes that it is undisputed that Mr. Wang is detained under 8 U.S.C. § 1226(a). [Doc. 1 at ¶ 51; Doc. 8 at 2]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).").

### I. Scope of Review

When reviewing an IJ's decision in a bond hearing under § 1226(a), the scope of the Court's review is narrow. The Immigration and Nationality Act provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas*, 533 U.S. at 688). "Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody

determinations under § 1226." *Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) (collecting cases).

The Court thus reviews "the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026)). This Court's prior decisions identify three potential constitutional errors in an IJ's bond decision, though this is by no means an exclusive list.

First, and most fundamentally, the IJ must apply a constitutionally adequate standard of proof. "[A] noncitizen can demonstrate that a bond hearing was constitutionally inadequate by showing that the immigration judge 'simply did not apply the correct standard to the facts.'" *Mejia*, 2026 WL 1361514, at *3 (quoting *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025). This Court has held that due process requires the government to bear the burden of proof by clear and convincing evidence in a § 1226(a) bond hearing. *See Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *2–3 (D. Colo. Sept. 9, 2026).

Second, a "noncitizen may show a constitutional error where 'the evidence itself could not—as a matter of law—have supported the IJ's decision to deny bond.'" *Jatinder Singh v. Baltasar*, No. 26-cv-01126-NYW, 2026 WL 2224796, at *3 (D. Colo. July 14, 2026) (quoting *Garcia*, 817 F. Supp. 3d at 126) (further quotation and citations omitted). "Courts have granted relief on constitutional grounds where the IJ . . . relied on non-probative evidence outside the considerations permitted by agency precedent." *Id.* (citing *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026)).

Third, the IJ's bond decision must provide an individualized determination based on the entire record before it. "[A] decision made in 'conclusory terms' is insufficient; 'the decision maker should state the reasons for the determination and the evidentiary basis relied on.'" *Mejia*, 2026 WL 1361514, at *3 (quoting *Staton v. Mayes*, 552 F.2d 908, 916 (10th Cir. 1977)); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) (recognizing that a noncitizen "has the right to an individualized determination of his or her interests"). "[T]hough the IJ's 'failure to mention specific evidence, by itself, does not overcome the presumption' that it [reviewed all relevant evidence], 'where the IJ's discussion of the record demonstrates that it has not adequately considered the full record, due process requires the IJ to reconsider its bond determination on a full record." *Castillo*, 2025 WL 4689387, at *7 (quoting *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2013)). Similarly, an IJ's decision based on reasoning that "would lead to an automatic denial of bond in all cases" violates due process. *Jatinder Singh*, 2026 WL 2224796, at *3 (quoting *Alvarado Lopez v. Dillman*, 1:25-cv-2456-LMB-LRV, 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026) (quotation omitted), *appeal docketed sub nom.*, *Alvarado Lopez v. Guadian*, No. 26-6602 (4th Cir. May 14, 2026); *see also D.Y.E.H. v. Warden, Irwin Det. Ctr.*, --- F. Supp. 3d ----, 2026 WL 1230386, at *5 (M.D. Ga. Apr. 6, 2026) (finding due process violation where IJ's decision "equate[d] the mere fact of being in removal proceedings with a categorical presumption of flight risk, which is the opposite of an individualized assessment").

## II. Application to Petitioner

Petitioner seems to invoke all three species of constitutional error. First, he argues that the IJ strayed outside the range of evidence that can legally support a denial of bond,

failed to meaningfully consider material evidence, and provided neither an individualized analysis nor a reasoned explanation. *E.g.*, [Doc. 1 at ¶ 17]. This appears to be true for the IJ's conclusory oral finding of flight risk at the close of the August 11, 2026 bond hearing and equally conclusory written order issued later that day. [*Id.* at ¶¶ 20–23; Doc. 1-2]. The Government certainly makes no effort to defend those rulings. [Doc. 8]. The problem, however, is that Petitioner also references a follow-up oral decision on September 2, 2026 without providing any insight into the substance of the IJ's ruling in that decision. [Doc. 1 at 8 n.4; Doc. 2 at 4 n.2]. The Petition and Motion are wholly silent as to whether that decision repaired or exacerbated the alleged errors in the August 11 rulings. *See generally* [Doc. 1; Doc. 2]. This does not satisfy Petitioner's burden of proof under § 2241.

Even on this limited record, however, the Court finds that Petitioner has adequately established that the IJ failed to apply a constitutionally adequate standard of proof. His request for a bond hearing where the Government bears the burden of proof by clear and convincing evidence indicates that the IJ did not apply such a standard in her August 11 and September 2 rulings. *See* [Doc. 1 at 31]. Indeed, the default rule under agency precedent places the burden on the noncitizen. *See, e.g.*, *In re R-A-V-P-*, 27 I. & N. Dec. 803, 804 (B.I.A. 2020). There is no sign that the IJ departed from this rule. *See* [Doc. 1-2]. And the fact that the IJ initiated her own questioning of Mr. Wang—suggesting that *he* needed to provide more information for the bond determination—"risks subtly reassigning the burden to the noncitizen." *Cervantes Arredondo v. Baltazar*, No. 1:25-cv-03040-RBJ, 2025 WL 5236084, at *4 (D. Colo. Dec. 18, 2025).

As in *Cervantes Arredondo*, many of the cases cited by Petitioner chose to address an alleged lack of "individualized" analysis through the burden-of-proof issue, rather than merely reviewing the IJ's treatment of the evidence. *See, e.g.*, *Mejia*, 2026 WL 2077483, at *3; *Quiroz Zacarias*, 2026 WL 1092162, at *4; *Amarvir Singh v. Baltazar*, No. 26-cv-01947-NRN, 2026 WL 2077483, at *2–3 (D. Colo. July 17, 2026); *Mendoza Hernandez v. Baltazar*, No. 26-cv-3652-WJM, 2026 WL 2453685, at *5 (D. Colo. Aug. 21, 2026) (concluding that IJ's cursory order was "manifestly unclear" as to whether she applied the correct burden of proof); *see also* [Doc. 2 at 16, 18 (Petitioner relying on these cases)]. Such an approach better conforms to the limits on a habeas court's jurisdiction under § 1226(e). Even if Petitioner had described the substance of the IJ's September 2 ruling, it would make little sense to attempt to review the IJ's evidentiary analysis if that analysis rested on an obviously unconstitutional burden of proof. *Cf. Ferje v. Blanche*, No. 26-cv-01435-GPG, slip op. at 4–6 (D. Colo. July 2, 2026), ECF No. 19 (finding that the IJ "applied the requisite burden" *before* considering whether IJ adequately considered the evidence).

Accordingly, the Court respectfully concludes that Mr. Wang has demonstrated that he was "deprived of his liberty through procedures that created an unacceptable risk of erroneous deprivation and failed to ensure that continued detention served a legitimate regulatory purpose." [Doc. 1 at ¶ 84]. To comport with due process, a bond hearing under § 1226(a) must place the burden of proof, by clear and convincing evidence, on the Government. *See Contreras Posada*, 2026 WL 2654041, at *3; *cf. Santillan Quiroz*, 180 F.4th at 1249 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so . . . . If the detention is civil and nonpunitive, like

the immigration detention here, that reason must rise to the level of a 'strong special justification.'" (quoting *Zadvydas*, 533 U.S. at 690)). Because the IJ failed to apply this burden when denying bond to Mr. Wang, he is entitled to relief.

## III. Appropriate Remedy

Mr. Wang argues that the appropriate remedy is release. [Doc. 1 at ¶¶ 67–76]. Respondents argue that the appropriate remedy is a bond hearing under § 1226(a). [Doc. 8 at 2]. The Court respectfully agrees with Respondents.

As this Court has explained, § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). This Court has accordingly concluded that a constitutionally adequate bond hearing is an appropriate habeas remedy for noncitizens who have not yet received such a hearing under § 1226(a). The Court has reached this conclusion in cases where the petitioner had already received a bond hearing that was constitutionally inadequate, *see Contreras Posada*, 2026 WL 2654041, at *3 & n.3, and in cases where the petitioner had received no bond hearing at all, *see Martinez Escobar*, 2026 WL 503313, at *4. When addressing a challenge to the procedures in a § 1226(a) bond hearing, the Court has only granted immediate release where the respondents failed to comply with a court order requiring a bond hearing with the burden shifted to the Government. *See Mejia*, 2026 WL 1361514, at *4–5 (granting release but noting disagreement among district courts about whether a second bond hearing or release is an appropriate remedy). No such prior order exists in this case, so the Court respectfully concludes that a second, constitutionally

adequate bond hearing is an appropriate remedy.[2] *See Contreras Posada*, 2026 WL 2654041, at *3 & n.3.

Petitioner also requests a host of other procedural protections and injunctive relief. *See* [Doc. 1 at 31–32; Doc. 2 at 39–42]. With respect to procedural protections, he asks the Court to (1) apply a clear and convincing standard to any requests for conditions of release, and (2) order the IJ to consider his financial circumstances when setting a bond amount. [Doc. 1 at 31–32]. The Court has previously determined that such decisions should be left to the IJ. *See Martinez Escobar*, 2026 WL 503313, at *5. To be clear, though, the determination of what conditions of release (if any) are appropriate is for the IJ, not for Respondents to decide unilaterally. *See id.* (citing *Garcia Cortes v. Guadian*, No. 26-cv-00294-CNS, 2026 WL 265688, at *2 (D. Colo. Feb. 2, 2026)).

As for injunctive relief, Petitioner seeks a Court order enjoining Petitioner's from invoking the automatic stay provision, 8 C.F.R. § 1003.19(i)(2), and otherwise denying a bond hearing. But the Court is already ordering a bond hearing, and the Court respectfully concludes that the need for injunctive relief as to the automatic stay provision is not

---

[2] The Court would reach the same conclusion even if it considered Petitioner's other claims. *Martinez Escobar* and *Contreras Posada* involved both procedural and substantive due process claims. *See Martinez Escobar*, 2026 WL 503313 , at *3; *Contreras Posada*, 2026 WL 2654041, at *1. And remand to the agency is the typical remedy under *Accardi* and the APA. *See, e.g.*, *Accardi*, 347 U.S. at 268 ("If petitioner can prove the allegation [that the agency violated its regulations] he should receive a new hearing . . . ."); *Mohammed v. Holder*, 47 F. Supp. 3d 1236, 1263 (D. Colo. 2014) ("Generally, when a court finds that an agency has acted arbitrarily in violation of the APA, the appropriate remedy is to remand the issue back to the agency for reconsideration and, if appropriate, further investigation or an explanation adequate to support the agency's decision upon remand.").

"clearly established" at this time.[3] *See Martinez Escobar*, 2026 WL 503313, at *6 (quoting *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *5 (D. Colo. Feb. 17, 2026)); *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964). To the extent Petitioner believes that constitutional defects persist after his second bond hearing, he may seek further relief as appropriate.

Accordingly, the Petition is **GRANTED in part** with respect to Petitioner's second claim. It is **ORDERED** that, on or before **October 5, 2026**, Respondents shall provide Petitioner a bond hearing under § 1226(a). At the bond hearing, the Government must show by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community. If Petitioner is not provided a bond hearing by that date, Respondents shall immediately release Petitioner from custody. On or before **October 13, 2026**, the Parties shall file a joint status report addressing (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Having granted Mr. Wang relief on Claim Two, the Court does not reach his other claims at this time. And because the Motion for TRO seeks substantially the same relief as what the Court has already granted or rejected, *see* [Doc. 2 at 42–43], the Motion for TRO is respectfully **DENIED as moot**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED** as to

---

[3] The Court notes, however, that it has previously concluded that use of the automatic stay provision violates a noncitizen's due process rights. *See Silva Nelo v. Baltazar*, No. 26-cv-01290-NYW, 2026 WL 1291860, at *4 (D. Colo. May 11, 2026).

Claim Two;

(2) Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 2] is **DENIED as moot**;

(3) On or before **October 5, 2026**, Respondents shall provide Petitioner a bond hearing under § 1226(a). At the bond hearing, the Government must show by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community; and

(4) On or before **October 13, 2026**, the Parties shall file a joint status report addressing (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: September 28, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge